IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL WAYNE JACKSON, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-07-1676 |
| § | |
| NATHANIEL QUARTERMAN, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND OPINION

Petitioner, Michael Wayne Jackson, seeks habeas corpus relief under 28 U.S.C. § 2254. The threshold issue is whether this petition should be dismissed as a successive petition, beyond this court's jurisdiction.

### I. Background

Jackson challenges a 1991 conviction for theft in the 232nd Judicial District Court of Harris County, Texas. (Cause Number 593352). On November 3, 1993, Jackson filed a federal petition for a writ of habeas corpus, Civil Action Number 4:93-3500, collaterally attacking his theft conviction. On June 30, 1994, this court adopted the Magistrate Judge's memorandum and recommendation and denied Jackson's claims on the merits.

In the instant federal petition filed on April 12, 2007, Jackson challenges the same conviction for theft on the following grounds:

(1) illegal sentence;

(2) ineffective assistance of counsel; and

       (3)    denial of equal protection of the law.

(Docket Entry No. 1, Petition for a Writ of Habeas Corpus, p. 7).

## II.   Discussion

The issue of whether a habeas corpus petition is successive may be raised by the district court on its own. *Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). A court lacks jurisdiction to consider a successive petition. The amendments to the AEDPA require that the Fifth Circuit authorize the district court to consider a successive petition before it is filed in the district court.

Title 28 U.S.C. § 2244(b)(3)(A) (1998) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There is no indication in this record that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider Jackson's successive application. This court lacks jurisdiction to consider Jackson's habeas claims.[1]

---

[1] When a civil action is filed in a court and that court finds that there is a want of jurisdiction, the court shall transfer the action to any other court in which the action could have been brought at the time it was filed. 28 U.S.C. § 1631. The action shall proceed as if it had been filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred. *Id.*

From Jackson's litigation history, the court determines that Jackson is capable of refiling this suit in the United States Court of Appeals for the Fifth Circuit.

### III. Conclusion

Jackson's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed for lack of jurisdiction. All remaining pending motions are denied as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack,* 529 U.S. at 484). Jackson has not made the necessary showing. Accordingly, a certificate of appealability is denied.

SIGNED on May 29, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge